IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK FRAZETTA | : | |
|        Plaintiff | : | |
| | : | |
|   v. | : | 3:CV-08-0516 |
| | : | (JUDGE VANASKIE) |
| UNDERWOOD BOOKS, | : | |
| TIM UNDERWOOD | : | |
|        Defendants | : | |

MEMORANDUM

The present action stems from a series of publication agreements entered into between Plaintiff, Frank Frazetta, and Defendants Underwood Books, Underwood Books, Inc., and Tim Underwood. Each of the publication agreements contained a clause, entitled "Applicable Laws and Modification," which provided that the agreements shall be interpreted under the laws of the state of California and that the Plaintiff "shall submit to the jurisdiction of the courts of the State of California with regard to any claim, action or proceeding with respect to this Publishing Agreement." (Dkt. Entries 11-2, at ¶ 17; 11-3, at ¶ 15; 11-4, at ¶15.)[1] Defendants moved for dismissal of this action based, <u>inter alia</u>, on the assertion that this clause is a forum selection clause that mandates that Frazetta bring any action

---

[1] For the convenience of the reader of this Memorandum opinion in electronic form, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the use of hyperlinks.

concerning the publishing agreements in a California court. For the reasons that follow, Defendants' Motion to Dismiss will be granted.[2]

I. Background

Plaintiff is a Pennsylvania citizen residing in Monroe County. (Dkt. Entry 11, at ¶ 2.) Underwood Books is a sole proprietorship with its headquarters in California. (Id. at ¶ 4.) Tim Underwood, a citizen of California, is the sole proprietor of Underwood Books (Id. at ¶ 6), and Underwood Books is the successor in interest to Underwood Books, Inc. (Id. at ¶ 5.) Underwood Books, Inc., was a California corporation with its principal place of business in California. (Id. at ¶ 3.)

Plaintiff, a well-known artist, and Underwood Books, Inc., ("Underwood") entered into three agreements which granted Underwood a license to reproduce certain artistic images created by Plaintiff (collectively "the Agreements"). (Id. at ¶¶ 11-13.) All negotiations surrounding the Agreements were undertaken by Plaintiff's wife, Ellie Frazetta, on his behalf

---

[2] There is disagreement among the United States Courts of Appeals as to whether dismissal for improper venue due to the presence of a forum selection clause should be made pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), or 12(b)(6). See Salovaara v. Jackson Nat'l Life Ins. Comp., 246 F.3d 289, 298 n.6 (3d Cir. 2001). Our Court of Appeals has found that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." Id.; Penn-Mont Benefit Servs., Inc. v. Crosswhite, No. 02-1980, 2003 WL 203570, at *4 (E.D. Pa. Jan. 29, 2003) ("Although it is the minority view among federal courts, a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is the appropriate mechanism for enforcing a forum selection clause in the Third Circuit.").

and with his consent and permission.  (Id. at ¶ 2.)  Plaintiff executed the Agreements in Pennsylvania and Defendants shipped, sold, and delivered the books to residents of Pennsylvania, both directly and through distributors.  (Id. at ¶¶ 14, 18.)

Each of the Agreements contained similar language regarding the terms of the Agreement, including the royalty schedule and payments to be made to Plaintiff.  (Dkt. Entries 11-2; 11-3; 11-4.)  The Agreements each contain identical provisions, entitled "Applicable Law and Modification" that state:

> This Agreement shall be interpreted according to the laws and statutes of the state of California and of the United States of America. . . .  The Artist shall submit to the jurisdiction of the courts of the State of California with regard to any claim, action or proceeding with respect to this Publishing Agreement.

(Dkt. Entries 11-2, at ¶ 17; 11-3, at ¶ 15; 11-4, at ¶15.)

Pursuant to the Agreements, the Defendants had the responsibility of providing Plaintiff with semi-annual statements and royalty payments.  (Dkt. Entry 11, at ¶ 20.)  Plaintiff asserts that Defendants failed to provide him with the.  (Id. at ¶ 21.)  In addition to these breaches of contract, Plaintiff alleges that Defendants have failed to pay required advances and royalties; Defendants failed to fulfill their duty to sell the books at prices other than at deep discount; Defendants failed to disclose the custom and practice of selling books at deep discount; Defendants intentionally made promises that they did not intend to fulfill; and Defendants improperly exploited Plaintiff's name and fame.  (Id. at ¶ 92.)

On June 5, 2008, Plaintiff filed an amended complaint asserting ten claims for relief including, inter alia claims for breach of contract. (Dkt. Entry 11.) Defendants filed the current Motion to Dismiss on June 20, 2008. (Dkt. Entry 13.) The motion has been briefed, and oral argument heard on September 2, 2008. (Dkt. Entries 14, 19, 22.) The matter is ripe for disposition.

II. Discussion

Defendants assert that the "Applicable Laws and Modification" clause is a mandatory forum selection clause which requires that all claims related to the Agreements be brought and tried in California. Plaintiff counters that the Middle District of Pennsylvania is an appropriate forum for this litigation because the quoted clause concerns jurisdiction, not venue. Plaintiff argues alternatively that, in the event the clause is regarded as a forum selection provision, choice of forum is permissive, as opposed to mandatory. (Dkt. Entry 19, at 3.) The parties agree that interpretation of this clause is governed by federal law.[3] (Dkt. Entry 28, at 4:1-4, Oral Argument).

    A.    Forum Selection Clauses

---

[3] Contractual forum selection clauses in diversity actions are governed by federal law. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Federal law is used because questions of venue and the enforcement of forum selection clauses are procedural, as opposed to substantive, in nature, and thus federal law applies irrespective of Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Id. (citing Jones v. Weibreht, 901 F.2d 17, 19 (2d Cir. 1991)).

While a plaintiff's choice of forum is ordinarily given deference by the courts, deference is improper if "the plaintiff has already freely contractually chosen an appropriate venue." Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995). A forum selection clause is "'a manifestation of the parties preferences as to a convenient forum.' Any 'deference to the filing forum would only encourage parties to violate their contractual obligations.'" Cadapult Graphic Syss. v. Tektronix, Inc., 98 F. Supp. 2d 560, 567-68 (D.N.J. 2000) (quoting Jumara, 55 F.3d at 880; In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989)).

Plaintiff alleges that venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in this district and the clauses in the Agreements are not forum selection clauses. (Dkt. Entry 11, at ¶ 10.) Although venue may lie in this case, the pertinent question is whether Plaintiff agreed to have any dispute related to the Agreements heard in the courts in California.

Plaintiff, emphasizing the fact that the Agreements use the term "jurisdiction," as opposed to "venue" or "forum," argues that the clause in question is nothing more than an acquiescence to the jurisdiction of the California courts in the event that Plaintiff is sued there, and not a commitment by Plaintiff to litigate any and all disputes pertaining to the Agreements in California. Contrary to Plaintiff's argument, however, courts have found that

clauses that use the term "jurisdiction," as opposed to forum or venue, are properly regarded as forum selection clauses. For example, in Atl. Tele-Network Inc. v. Inter-American Dev. Bank, 251 F. Supp. 2d 126, 133 (D.D.C. 2003), the agreement in question provided that "[f]or the purpose of resolving disputes regarding this Agreement, or arising therefrom, the [parties] shall submit themselves to the jurisdiction of the courts of Guyana." The court held that this provision was a "valid and enforceable forum selection clause that mandates that cases be brought in Guyana." In Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1209 (3d Cir. 1991), the court recognized that following provision constituted a forum selection clause that waived the right to remove an action from state to federal court: "In the event the Retrocessionaire [Chesapeake] is not domiciled in the United States of America, and the Retrocessionaire fails to pay any amount claimed to be due hereunder, the Retrocessionaire, at the request of the Company [Mutual Fire], will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction." (Emphasis added.)

It is thus clear that use of the term "jurisdiction" in the clause at issue in this case does not preclude a finding that the parties intended it to serve as a forum selection provision. On the contrary, it is evident that the phrase "shall submit to the jurisdiction of the courts of the State of California" plainly afforded the parties the right to select California courts as the litigation forum "with regard to any claim, action or proceeding with respect to [the

6

Agreements]." Plaintiff's assertion that these clauses are not forum selection clauses is without merit.

      B.      Enforceability of the Forum Selection Clauses

Forum selection clauses are presumptively valid and are enforceable unless it can be established "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheenabrator Ltd., 709 F.2d 190, 202 (3d Cir. 1983), overruled on other grounds by, Lauro Lines v. Chasser, 490 U.S. 495 (1989); see Jumara, 55 F.3d at 880. "The party opposing a forum selection clause bears a 'heavy burden' of showing that the clause should not be enforced." CQ, Inc. v. TXU Mining Co., No. 05-1230, 2006 WL 278155, at *2 (W.D. Pa. 2006) (citing MoneyGram Payment Sys. v. Consorcio Oriental, S.A., 65 Fed. App'x 844, 848 (3d Cir. 2003)).

Plaintiff does not argue that these forum selection clauses were created as a result of overreaching or fraud, or that enforcement of the clauses would be contrary to public policy or result in litigation in a location that would be so inconvenient as to be unreasonable. See Coastal Steel Corp., 709 F.2d 190, 202 (3d Cir. 1983). Instead, Plaintiff relies entirely on the assertion that the clauses in the Agreement are permissive, giving Plaintiff the option of suing in California, but not compelling him to do so.

7

A "'[m]andatory forum selection clause identifies a particular state or court as having exclusive jurisdiction over disputes arising out of parties' contract and their contractual relationship.'" Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech., 440 F. Supp. 2d 357, 363 n.1 (D.N.J. 2006) (quoting S & D Coffee, Inc. v. GEI Autowrappers, 995 F. Supp. 607, 609 (M.D. N.C. 1997)). On the other hand, a "'[p]ermissive forum selection clause, which is perhaps more appropriately referred to as consent to jurisdiction clause, merely specifies the court empowered to hear litigation, in effect waiving any objection to personal jurisdiction and venue; such a clause is 'permissive' since it allows parties to air any dispute in that court without requiring them to do so.'" Id. at 363 n.2 (quoting S & D Coffee, Inc., 995 F. Supp. at 609). Thus, although the agreements here in question do not specifically identify a court, they do identify a particular state, which is enough to create a mandatory forum selection clause. See Id. at 363 n.1.

A forum selection clause "does not have to contain language such as 'exclusive' or 'sole' to be mandatory." Feldman v. Google, Inc., 513 F. Supp. 2d 229, 246 (E.D. Pa. 2007) (citing Wall St. Aubrey Golf, LLC v. Aubrey, 189 Fed. App'x 82, 85-86 (3d Cir. 2006)). The "'use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made.'" Sterling Forest Ass'n v. Barnett-Range Corp., 840 F.2d 249, 252 (4th Cir. 1988), abrogated on other grounds by, Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989) (quoting Manatee County, Florida v. Train, 583 F.2d 179, 182 (5th Cir. 1978)); see,

e.g., Wall St. Aubrey Golf, LLC, 189 Fed. App'x at 86; Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992).

When both parties intend by agreement for all claims to be brought in a certain venue, the term 'shall' or 'must' is used. Hatfield, Inc. v. Robocom Syss. Intern., Inc., No. 98-cv-4004, 1999 WL 46563, at *3 (E.D. Pa. Jan. 15, 1999) (collecting cases). But where such terms are not used, the forum selection clause has been regarded as permissive. For instance in Hatfield, supra, the forum selection clause stated: "This Agreement shall be construed and enforced in accordance with the laws of the State of New York and the parties hereto submit to the jurisdiction of the federal and state courts of the State of New York for any and all purposes hereof." The court found that the agreement had a compulsory choice of law provision ("shall be construed and enforced in accordance with the laws of the State of New York), but no such compulsory provision when it came to venue ("[T]he parties hereto submit to the jurisdiction of the . . . courts of the State of New York"). Id. Instead, the court regarded the absence of the compulsory term "shall" as indicating the parties' intent that venue in New York would not be contested, i.e., selection of a New York court was permissive.

Here, by way of contrast, the Agreements explicitly provide that Plaintiff "shall submit to the jurisdiction of the courts of the State of California with regard to any claim, action or proceeding with respect to this Publishing Agreement." This mandatory language, "shall

submit," suggests an intent to have the courts of California serve as the exclusive forum for litigation of disputes arising under the Agreements. Indeed, it is generally recognized that the word "shall" is to be interpreted as mandatory. See Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 127 S. Ct. 2518, 2531 (2007) (citing Lopez v. Davis, 513 U.S. 230, 241 (2001) (noting that Congress' use of "shall" was mandatory and imposed non-discretionary obligations); Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998) (noting that the mandatory nature of "shall" normally creates "an obligation impervious to judicial discretion"); Ass'n of Civilian Technicians v. FLRA, 22 F.3d 1150, 1153 (D.C. Cir. 1994) ("shall" is generally a command in which the person instructed to carry out the directive is left no discretion")).

Although there is inconsistency in the case law, the more persuasive authority recognizes that forum selection clause language similar to that presented here established a mandatory forum selection clause. For example, in Amer. Bd. for Occupational Health Nurses, Inc. v. Nat'l League for Nursing, No. 96c920, 1996 WL 284947, at *1 (N.D. Ill. 1996), the language "the parties shall submit to the jurisdiction of courts in the State of New York in the event any issue arises relating to the interpretation or enforcement of this agreement," was found to create a mandatory forum selection clause. In support of this holding, the court explained:

> Though the language does not precisely state that New York provides the

10

exclusive forum in which disputes may be brought, a "permissive" interpretation of Paragraph "L" improperly overlooks the mandatory nature of the language utilized, i.e., "shall submit". See DEV Industries, Inc. v. NPC, Inc., 763 F.Supp. 313, 314 (N.D. Ill.1991) ("shall submit" language in forum selection clause was mandatory, not permissive). Given the "shall submit" language of the forum selection clause, we believe that the clause is best afforded mandatory treatment. Indeed, it would be odd for the parties to negotiate a contractual provision that could, in effect, be voided as easily as the plaintiff now contends.

Id.

As noted above, in Atl. Tele-Network, 251 F. Supp. 2d at 133, the contract included a clause that parties "shall submit themselves to the jurisdiction of the courts of Guyana." The court held that this was a "valid and enforceable forum selection clause that mandates that cases be brought in Guyana." Id. at 134 (emphasis added). In support of its decision, the court wrote:

> While there is arguably some inconsistency between the circuits, the Tenth Circuit, in Milk 'N' More, 963 F.2d at 1342, the Fourth Circuit, in Sterling Forest Associates, 840 F.2d at 252, and the Sixth Circuit, in General Electric v. Siempelkamp, 29 F.3d 1095, 1099 (6th Cir. 1994), have all held that a forum selection clause employing the word "shall" and citing a specific locale for the adjudication of disputes, represents a mandatory forum selection clause. In each case the language of the forum selection clause in question was grammatically similar to that of the instant contract's.

Atl. Tele-Network Inc., 251 F. Supp. 2d at 135.

Plaintiff's argument that the venue selection clause allows venue to exist in California, but also to exist elsewhere, makes the forum selection clause meaningless and redundant.

11

Because Underwood Books is a "California corporation, federal jurisdiction and venue statutes provide as a matter of law that California is a proper state for suit." Sterling Forest Ass'n, 840 F.2d at 251 (citing 28 U.S.C. §§ 1332(a), (c) and 1391(c)).  As explained in Sterling Forrest, "[i]t is a well established principle of contract construction that provisions of the parties' agreement clauses which, as here, are knowingly incorporated into a contract should not be treated as meaningless."[4] Id. (citations omitted).

Plaintiff's would have this Court construe the plain language of the Agreements against the Defendants, since Defendants drafted the Agreements.  This, however, is

---

[4] As indicated above, there are courts that have found that forum selection clauses similar to that presented here are permissive.  For example, in Hilsenrath v. Equity Trust (Jersey) Ltd., No. 07-3312, 2008 WL 728902, at *7 (N.D. Cal. Mar. 17, 2008), the court stated that the language that the parties' agreement "shall be governed by[,] construed and interpreted in accordance with the laws of the Island of Jersey, and all parties shall submit to the jurisdiction of the courts of the said Island" was permissive rather than mandatory, finding that the case was controlled by Ninth Circuit precedent that a clause that a court "shall have jurisdiction" created at best a permissive forum selection clause. (The court, however, dismissed the action on forum non conveniens grounds.)  Additionally, in S & D Coffee, Inv., 995 F. Supp. at 609-10, the court again found the language "both parties shall submit to the jurisdiction of the English courts" to be a permissive forum selection clause. In Wai v. Rainbow Holdings, 315 F. Supp. 2d 1261 (S.D. Fla. 2004), the court found permissive the following contract provision: "The law for the time being in force in the REPUBLIC OF SINGAPORE shall apply to this agreement and the same shall be interpreted and applied in accordance with such laws and parties hereby agree to submit [to] the jurisdiction of the Courts of SINGAPORE."  These cases fail to address the fact that a construction of the phrase as permissive renders it meaningless.  For instance, in this case, Plaintiff agreed to a contractual relationship with a California entity.  It is clear that both venue and personal jurisdiction over Plaintiff would exist in the event of an action brought in California with respect to the terms of the Agreements. See Roth v. Garcia Marquez, 942 F.2d 617 (9th Cir. 1991).  Thus, a construction of the clause as permissive would make it meaningless.

inappropriate as "'[a] court is not authorized to construe a contract in such a way as to modify the plain meaning of its words, under the guise of interpretation.'" Wall St. Aubrey Golf, LLC, 189 Fed. App'x at 85 (quoting Mellon Bank, N.A. v. Aetna Bus. Credit, Inc., 619 F.2d 1001, 1009 (3d Cir. 1980)).

In this case, Plaintiff agreed to submit to the jurisdiction of the California courts with regard to any claim, action or proceeding with respect to the Agreements. Notably, the contractual provision is not limited to claims, actions or proceedings commenced by Underwood. Instead, Plaintiff committed to submit to the jurisdiction of the courts of California with regard to <u>any</u> claim, action or proceeding pertaining to the Agreements. The only reasonably plausible interpretation of this capacious language is that it extends to any claim, action or proceeding commenced by Plaintiff, as well as by Underwood. Accordingly, this action brought by Plaintiff falls within the parties' mandatory forum selection clause.

As it has been determined that each Agreement contains a mandatory forum selection clause, and Plaintiff has failed to present an argument to rebut the enforcement of the clauses, see Coastal Steel, 709 F.2d at 202, it is clear that the Middle District of Pennsylvania is an improper venue for this cause of action. The Court must thus determine whether the current action should be transferred to a court in the State of California or dismissed.

Transfer of venue may be governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. §

13

1406. Section 1404(a) provides for venue transfer if both the original and requested venue are proper, while section 1406 only applies if the original venue is improper, and in that situation, the court may either transfer or dismiss the case.[5] Jumara, 55 F.3d at 878.  As it has been determined that the venue selection clause in this contract is controlling, venue is not proper in this Court and the case may be either transferred or dismissed under 28 U.S.C. § 1406.

Neither party has directed this Court to a particular district in California in which the case may be transferred.  Under these circumstances, Plaintiff will be accorded an opportunity to indicate whether he wants the Court to transfer the action to the appropriate federal district court in California or dismiss the action for improper venue.

III. Conclusion

For the reasons stated, Defendants' Motion to Dismiss will be granted.  An appropriate Order follows.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

---

[5] "Transfer is not available, however, when a forum selection clause specifies a non-federal forum.  In that case, it seems the district court would have no choice but to dismiss the action so it can be filed in the appropriate forum so long as dismissal would be in the interests of justice." Salovaara v. Jackson Nat'l Life Ins. Comp., 246 F.3d 289, 298 (3d Cir. 2001).  Here, the forum selection clause does not specify whether actions shall be heard in a state of federal forum in the State of California.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANK FRAZETTA                          :
        Plaintiff             :
                              :
   v.                                  :   3:CV-08-0516
                              :   (JUDGE VANASKIE)
UNDERWOOD BOOKS,                :
TIM UNDERWOOD                      :
        Defendants          :

# ORDER

NOW, THIS 6th DAY OF APRIL, 2009, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Dkt. Entry 17) is GRANTED.

2. Within twenty (20) days from the Date of this Order, Plaintiff shall inform the Court of his election to have this action transferred to the appropriate federal district court in California or to have the action dismissed, without prejudice, for improper venue. In the event that Plaintiff requests a transfer, Plaintiff shall inform the Court of the California federal district court to which this case should be transferred.

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie
                                            United States District Judge